SEAN P. PATTERSON, Esq.
STATE BAR NUMBER 5736
232 Court Street
Reno, Nevada 89501
(775) 786-1615

Attorney for Debtor

ELECTRONICALLY FILED
1-26-10

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * *

IN RE:
THOMAS O. McCOMAS

Case No. BK-N-09-51046-GWZ
(Chapter 13)

**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

HEARING Date: 2-26-10
HEARING Time: 1:30 p.m.
Time Required: 5 mins.

_______________________________________/

COMES NOW, the debtors, by and through their attorney, Sean P. Patterson, Esq. and oppose JP MORGAN CHASE BANK's (hereinafter "Movant") Motion for Relief From the Automatic Stay. This opposition is brought pursuant to the Points and Authorities included herein, and on further oral argument of counsel as may be presented at the time of hearing.

# POINTS AND AUTHORITIES

## I. FACTS

This case was filed on or about April 13, 2009. The plan was filed on the same day. The case was filed to allow the debtor's to reorganize his unsecured debt, pay his priority debt, cure the mortgage arrears, and "strip" the second mortgage off the property. The plan was confirmed on August 27, 2009.

The debtor disputes the amount of arrears in this case. Mr. McComas has made all the payments since the filing of this case. Attached hereto as Exhibit "A" and incorporated herein by reference is the proof of payments for May through November, 2009. The debtor is still trying to get proof for the December and January payments. In addition, a copy of his February, 2010 bill is attached hereto as Exhibit "B". The statement shows the debtor is current on this obligation.

This is Mr. McComas' personal residence. The debtor has an appraisal showing the property to be worth approximately $114,500. According to the debtors' schedules the amount of the liens is approximately $294,000. The second is being stripped in this case. The creditor claims to be owed approximately $219,100. The debtors is not selling this house, he is sincerely trying to save his home.

## II. LEGAL ARGUMENT

To obtain relief under 11 USC §362(d)(1) the court can grant relief for "cause". The Bankruptcy Code is silent with respect to the definition of "cause". However, courts have held that "cause" can be demonstrated by a debtor's continued failure to make payments to a secured creditor. In re Wright, Egan, & Associates,

60 B.R. 806, 807 (E.D. Pa. 1986); In re Smith, 94 B.R. 216 (Bankr. M.D. Ga. 1988).

To obtain relief under 11 U.S.C. §362(d)(2) a creditor must make a **prima facia** (emphasis added) case that (1) the property is over-encumbered, and (2) it is not necessary for an effective reorganization. In re Elmore, 94 B.R. 670 (Bkrtcy C.D. Cal. 1988). A debtor's principal residence in a Chapter 13 case is virtually always necessary to an effective reorganization... if the home is not saved, the reorganization is not effective. Elmore at 673.

As to the §362(d)(1) argument, counsel has confirmed that the debtor has made payments to this creditor. The debtor will bring the February, 2010 payment to counsel and this shall be forwarded to the movant's attorney. The problem seems to be that the movant may not be crediting his account correctly. The debtor is making payments to Litton Loan Servicing. However, the movant does not use this name in any of the pleadings.

This property is Mr. McComas' residence. The debtor does not have equity in the property. Nevertheless, the bankruptcy was filed to protect the residence. The debtor would like to avoid the cost of a foreclosure and damage to his credit.

A secured claim holder has the burden of proving the reasonableness of its fee claim, whether under §506(b) or under §1322. In re Atwood, 293 B.R. 227, 233 (9th.Cir.BAP 2003). The creditor has failed to provide any evidence of attorney time in its motion. Thus, any attorneys fees requested in this motion should be disallowed.

The creditor can not make as Prima facie case that this property is over-encumbered **and** that it is not effective for a reorganization. For the reasons aforementioned, the debtor asks that the Motion be denied and the attorneys fees and costs denied.

In the event that the court does not deny this motion, that an order of "Adequate Protection" be entered into by the court, allowing the debtor to make the normal monthly payment and cure the whatever arrears are owed to this creditor over a 6 month time period.

Respectfully Submitted this 26th day of January, 2010.

/s/ SEAN P. PATTERSON, ESQ.
SEAN P. PATTERSON, Esq.
Attorney for the Debtors

CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, Rule 5(b), I hereby certify that I am an employee of the law firm of **SEAN P. PATTERSON**, 232 Court Street Reno, Nevada 89501; and that on this date, I mailed a true and correct copy of the foregoing document via the United States mail, postage prepaid to:

Thomas McComas
18143 Cherry Leaf Ct.
Reno, Nv. 89508

This document was sent via electronic mail to:

William Van Meter
Chapter 13 Trustee

Wilde & Associates
Attorney for Movant
Bk@wildelaw.com

DATED: January 26, 2010.

/s/ SEAN P. PATTERSON, ESQ.
SEAN P. PATTERSON, ESQ.